UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY JAGIELSKI ) | Case Number |
| Plaintiff ) | |
| vs. ) | CIVIL COMPLAINT |
| REGENT ASSET MANAGEMENT ) | |
| SOLUTIONS, N.A ) | JURY TRIAL DEMANDED |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Mary Jagielski by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Mary Jagielski, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

### III.  PARTIES

4. Plaintiff, Mary Jagielski is an adult natural person residing at 21680 Sierra Drive, Brookfield, WI 53045.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Regent Asset Management Solutions, N.A. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Colorado with its principal place of business located at 7290 Samuel Drive, Suite 300, Denver, Colorado 80221 and a registered address located at 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around May 2010, the Plaintiff began receiving phone calls from the Defendant looking for "James (Jim) Jagielski" who is a distant relative of the Plaintiff.

8. The Defendant calls the Plaintiff stating that they are calling in regards to a debt owed by "James (Jim) Jagielski."

9. The Plaintiff has told the Defendant's agents multiple times that the person the Defendant is looking for does not reside there, nor does the Plaintiff have his contact information and for the Defendant to stop calling.

10. The Defendant continued to accuse the Plaintiff of lying, stating that the person they are looking for is the Plaintiff's husband and that the Plaintiff knows exactly where he is and to have him call the Defendant back.

11. The Plaintiff has tried to explain to the agent of the Defendant that she does not have contact with the person they are looking for and that she is not the wife of this person but the agent very rudely talks over the Plaintiff, not listening to what the Plaintiff has to say.

12. On or around June 2010, during another phone call, the Plaintiff tried to get information from the Defendant's agent asking who they were calling on behalf of and their name but the agent just kept repeating over the Plaintiff asking, "Is James there?  Is James there?" each time getting louder.

13. The Plaintiff, after several attempts, was then able to get information from the Defendant regarding information about the company.

14. On another occasion, the Plaintiff spoke with an agent of the Defendant named, "Candy," who, when the Plaintiff told the agent that she was going to seek the assistance of an attorney, hung up on the plaintiff.

15. On or around June 30, 2010, the Plaintiff sent a cease and desist letter to the Defendant.

16. The Plaintiff continued to receive phone calls after sending a cease and desist letter but when the Plaintiff told the agent she did so, the agent denied receiving a copy.

17. In or around July 2010, the Plaintiff asked to speak with a manager of the Defendant's agent, during this conversation, the Plaintiff explained that she does not want the Defendant to contact her any longer and that she does not have contact with the person they are looking for.  The agent's manager responded by asking the Plaintiff how she feels about her family not being able to pay their bills and the Plaintiff will end up just like them if she does not comply.

18. The Defendant continued to raise his voice to the Plaintiff, talking over her and disregarding anything that had to be said, calling the Plaintiff's family "a special breed" for not paying their debts.

19. The Plaintiff, once again, told the Defendant to stop calling, that "James (Jim) Jagielski" does not live there and that she has proof but the agent told the Plaintiff that the Defendant has the proof and that is why they are contacting the Plaintiff.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(1): | Failed to identify themselves, or failed to state that collector is confirming or correcting location information |
| §§ 1692b(2): | Stated that the consumer owes any debt |
| §§ 1692b(3): | Contacted a person more than once, unless requested to do so |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692c(c): | After written communication that the consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Regent Asset Management Solutions, N.A. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: August 24, 2010**          **BY:** */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff